UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BROOKLYN PATRIOTS OF LOS ANGELES, INC., a Nevada corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>THE CITY OF RENO, a municipal corporation; and THE STATE OF NEVADA,<br><br>            Defendants. | 3:11-CV-00659-LRH-WGC<br><br>ORDER |

Before the court are four motions and related briefing: first, Defendant City of Reno's Motion to Consolidate Pursuant to FRCP 42 and Motion to Dismiss Pursuant to FRCP 12(b) (#7[1]), Plaintiff's opposition (#9), and the City's reply (#10); second, Plaintiff's Motion for Preliminary Injunction (#8), the City's opposition (#12), and Plaintiff's reply (#13); third, Plaintiff's Motion to Strike Portions of Reno's Reply to Plaintiff's Response to Reno's Motion to Consolidate and Motion to Dismiss (#11), the City's opposition (#14), and Plaintiff's reply (#15); fourth, the City's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to FRCP 12(b)(1) (#18), Plaintiff's opposition (#19), and the City's reply (#21); and finally, Plaintiff's Notice of Recent Cases (#28), and the City's response (#29).

---

[1] Refers to the court's docket entry number.

## I.  Facts and Procedural History

This is the third of three related lawsuits challenging the City of Reno's billboard ordinances. The first, *Jeffrey R. Herson v. City of Reno (Herson I)*, Case No. 3:11-cv-403-LRH-VPC, was filed on June 8, 2011, and dismissed for lack of standing on August 19, 2011, in a published decision, *Herson v. City of Reno*, 806 F. Supp. 2d 1141 (D. Nev. 2011). On October 18, 2011, this court also denied Herson's motion for reconsideration in an unpublished order (Doc. #45). That case is now on appeal.

Before the court had even entered its order on Herson's motion for reconsideration, two more lawsuits were filed. The second of the three, *Jeffrey R. Herson v. City of Reno (Herson II)*, Case No. 3:11-cv-633-LRH-WGC, was filed on September 1, 2011. The *Herson II* complaint is nearly identical to the complaint in *Herson I*, with limited exceptions. For instance, Herson has added an equal protection claim and has pleaded different facts to support his allegation that it would be futile to apply for a sign permit. This time Herson pleads futility on the existence of a moratorium on the acceptance of applications for new "off-premises advertising displays/billboards," which was rescinded on August 31, 2011, one day before he filed this complaint. Otherwise, the facts and claims are materially identical. *See generally Herson I*, 806 F. Supp. 2d at 1143-44. Herson is still in the business of operating billboards. And with the permission of the owners of seven parcels in the City of Reno, Herson desires to erect new, permanent billboards on each parcel in order to generate income from the display of others' speech on portions of the billboards and to display his own noncommercial speech on the remaining portions. In a separate order, Herson's complaint is again being dismissed for lack of standing, only this time because it has been revealed that Herson never possessed a business license to engage in any of the commercial activities upon which his complaint is based.

This third case was filed days later, on September 13, 2011. The substance of the complaint

is virtually identical to the complaint in *Herson II*.[2]  The plaintiff here, however, is Brooklyn Patriots of Los Angeles Inc., a Nevada corporation that according to public records was incorporated on September 9, 2011.  The company is owned and represented by Nevada attorney Alan R. Herson, apparently a relative of the plaintiff in the *Herson* cases, Jeffrey R. Herson, who is listed as the company's registered agent.  Like Jeffrey Herson, plaintiff here is in the business of operating billboards.  And with the permission of the owners of a certain parcel in the City of Reno—one of the same parcels at issue in the *Herson* cases—plaintiff desires to erect one or more new, permanent billboards in order to generate income from the display of others' speech on portions of the billboards and to display noncommercial speech on the remaining portions.

As in *Herson II*, the City moves to dismiss this third action on several grounds, including for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  The City contends that plaintiff lacks standing for the same reasons the court found that Herson lacked standing in *Herson I – i.e.*, plaintiff fails to established that it has suffered a sufficiently concrete injury that was caused by the challenged sign regulations and that is redressable by a favorable decision striking down those regulations.  As in *Herson II*, the City also challenges plaintiff's standing on the basis that it has never had a business license to engage in the commercial activities upon which its complaint is based.

## II.     Standing

Standing to sue is an indispensable part of a federal court's Article III jurisdiction and must be addressed by the court before reaching the merits of the case, even if the parties fail to raise it. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).  "The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'"

---

[2] As in *Herson II*, the State of Nevada was initially named as a second defendant but has been voluntarily dismissed with prejudice (#5).

3

*FW/PBS*, 493 U.S. at 231 (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)) (brackets in original). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

To establish the "irreducible constitutional minimum" of Article III standing, a plaintiff must show: (1) he has suffered "injury in fact"; (2) a causal connection between that injury and the defendant's conduct; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61. Injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560 (internal quotations, footnote, and citations omitted). Additionally, a plaintiff must ordinarily establish "prudential standing," which requires him to demonstrate that his claim "is sufficiently individualized to ensure effective judicial review." *Get Outdoors II, LLC v. City of San Diego*, 506 F.3d 886, 891 (9th Cir. 2007). As to overbreadth claims under the First Amendment, however, the requirements of prudential standing are relaxed and the plaintiff need only show that he "can satisfactorily frame the issues on behalf of these non-parties." *Id.* Still, the Article III standing elements must exist as to all claims. *Id.* Also, where a regulatory scheme is challenged, a plaintiff has standing to challenge "only those provisions that applied to it"; the plaintiff "cannot leverage its injuries under certain, specific provisions" to explore the constitutionality of the regulatory scheme generally. *Id.* at 892.

A motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) may be raised at any time and may present either a facial or factual attack. *See* Fed. R. Civ. P. 12(h)(3); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* In resolving a

factual attack, the district court need not presume the truthfulness of the plaintiff's allegations and may consider evidence beyond the pleadings. *Id.*

Here, plaintiff's claims are expressly and exclusively predicated on its desire to engage in the billboard business—*i.e.*, displaying signs containing speech for profit. (*See* Complaint (#1), ¶¶ 7, 10-11.) As the City contends, such commercial activity is plainly subject to the requirement of a business license and the attendant prohibition on non-licensed business operations. *See* Reno Municipal Code §§ 4.04.007, .020. Yet during any relevant time period, including when this lawsuit was filed, plaintiff has never had a license to do business in the City of Reno. The City has presented uncontroverted evidence of this fact, and plaintiff does not dispute it. (*See* Opposition to Mot. for Prelim. Injunction (#12), p. 17.)[3] Rather, plaintiff implicitly concedes the point, but "assure[s]" the court that "prior to applying for a building permit, BPLA will obtain a business license." (Reply Re: Plaintiff's Mot. for Prelim. Injunction (#13), p. 10.) That may well be, but it entirely misses the point. "'The existence of federal jurisdiction ordinarily depends on the facts *as they exist when the complaint was filed*.'" *Lujan*, 504 U.S. at 571 n.4 (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989)) (emphasis in *Lujan*). And here, the alleged injury suffered—the inability to erect and display signs for profit—was neither caused by the challenged ordinances nor redressable by a decision in plaintiff's favor. Regardless of the existence of the challenged ordinances or how the court might rule on their constitutionality, plaintiff could not have lawfully engaged in its desired activities.

As in *Herson II*, the court finds that on this basis alone plaintiff lacks standing to bring any of the claims alleged in its complaint. Plaintiff's arguments in opposition are entirely without merit. The court therefore need not reach the additional grounds raised by the City for challenging plaintiff's standing to sue or otherwise expend any more of its resources on these matters.

---

[3] Lack of standing may be raised at any time, including by the court *sua sponte* if the parties fail to raise the issue. *See, e.g., Herson I*, 806 F. Supp. 2d at 1144 (considering the issue on Herson's motions for preliminary and temporary injunctive relief).

5

IT IS THEREFORE ORDERED that plaintiff's Complaint (#1) is hereby DISMISSED for lack of jurisdiction.

IT IS SO ORDERED.

DATED this 23rd day of August, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE