UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BROOKLYN PATRIOTS OF LOS ANGELES, INC., a Nevada corporation, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF RENO, a municipal corporation; and THE STATE OF NEVADA, <br><br> Defendants. | 3:11-CV-00659-LRH-WGC <br><br> ORDER |

This is a First Amendment case. Before the court is plaintiff Brooklyn Patriots of Los Angeles, Inc.'s ("Brooklyn Patriots") Motion for Relief from Court's Order Dismissing Complaint (#31[1]). Defendant the City of Reno ("Reno") has responded (#32), and Brooklyn Patriots has replied (#33).

**I.   Facts and Procedural History**

This is the third of three related lawsuits challenging Reno's billboard ordinances. In the first, *Jeffrey R. Herson v. City of Reno (Herson I)*, Case No. 3:11-cv-403-LRH-VPC, plaintiff Jeffrey Herson alleged that he was in the business of operating billboards. With the permission of the owners of seven parcels in Reno, Herson hoped to erect new, permanent billboards on each

---

[1] Refers to the court's docket entry number.

parcel in order to generate income from the display of others' speech on portions of the billboards and to display his own noncommercial speech on the remaining portions.

The court dismissed *Herson I* for lack of standing on August 19, 2011, in a published decision, *Herson v. City of Reno*, 806 F. Supp. 2d 1141 (D. Nev. 2011).  On October 18, 2011, this court also denied Herson's motion for reconsideration in an unpublished order (Order #45). Before the court had entered its order on Herson's motion for reconsideration, two more lawsuits were filed.  The second of the three, *Jeffrey R. Herson v. City of Reno (Herson II)*, Case No. 3:11-cv-633-LRH-WGC, was filed on September 1, 2011.  The *Herson II* complaint is nearly identical to the complaint in *Herson I*, with some exceptions.  For instance, Herson added an equal protection claim and pleaded different facts to support his allegation that it would be futile to apply for a sign permit. Otherwise, the facts and claims were materially identical to those in *Herson I*.  *See generally Herson I*, 806 F. Supp. 2d at 1143-44. *Herson II* was also dismissed for lack of standing, this time because it appeared that Herson had never possessed a business license to engage in any of the commercial activities upon which his complaint is based (Order #32).

This case, the third, was filed on September 13, 2011.  The substance of the complaint is virtually identical to that in *Herson II*.[2]  The plaintiff here, however, is Brooklyn Patriots of Los Angeles, Inc., a Nevada corporation that–according to public record–was incorporated on September 9, 2011.  The company is owned and represented by Nevada attorney Alan R. Herson, apparently a relative of the plaintiff in the *Herson* cases, Jeffrey R. Herson, who is listed as the company's registered agent.  Like Jeffrey Herson, Brooklyn Patriots is in the business of operating billboards.  And like Jeffery Herson, Brooklyn Patriots desires to erect one or more new, permanent billboards on certain Reno parcels in order to generate income from the display of others' speech

---

[2]As in *Herson II*, the State of Nevada was initially named as a second defendant but has been voluntarily dismissed with prejudice (#5).

2

on portions of the billboards and to display noncommercial speech on the remaining portions.[3]

Following Reno's motion to dismiss, the court dismissed Brooklyn Patriots' complaint for lack of standing on largely the same grounds as in *Herson II*. Namely, the court found that Brooklyn Patriots' lack of a business license undermined two elements of its standing to sue, causation and redressability:

> [T]he alleged injury suffered–the inability to display signs for profit–was neither caused by the challenged ordinances nor redressable by a decision in plaintiff's favor. Regardless of the existence of the challenged ordinances or how the court might rule on their constitutionality, plaintiff could not have lawfully engaged in the desired activities.

(Order #30, p. 5:15-19 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571 (1992).) Brooklyn Patriots' has now moved for the court to grant it relief from this decision under Federal Rule of Civil Procedure 60(b).

**II.     Discussion**

Given the briefing received by the court, it will come as a surprise to the parties that the Federal Rules of Civil Procedure, rather than the First Amendment, control the disposition of this case. Brooklyn Patriots has moved for relief from the court's judgment under Federal Rule of Civil Procedure 60(b). Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). A court's errors of law may be "mistakes" under Rule 60(b)(1). *Liberty Mutual Insurance Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir. 1982) ('The law in this circuit is that [a court's] errors of law are cognizable under Rule 60(b).").

A court's errors of law are also remediable under Rule 59(e). A motion to alter or amend judgment under Rule 59(e) is available in four "basic" situations: (1) where the motion is necessary

---

[3] One of the parcels identified by Brooklyn Patriots is also at issue in *Herson I* and *II*.

3

to correct "manifest errors of law or fact upon which the judgment rests;" (2) where the motion is necessary to present newly discovered or previously unavailable evidence; (3) where the motion is necessary to "prevent manifest injustice;" and (4) where the amendment is justified by an intervening change in controlling law. *Allstate Insurance Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Therefore, both Rule 59(e) and Rule 60(b)(1) allow parties to challenge the court's judgment on the basis of "manifest errors of law or fact upon which the judgment rests."

Neither Rule provides standards for evaluating a motion made on this basis, though the case law under Rule 59(e) is more developed and therefore illustrative. A motion to alter or amend judgment under Rule 59(e) is "an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1235, 1255 n.1 (9th Cir. 1999) (citation and quotation marks omitted). It may not be used to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a Rule 59(e) motion be used to relitigate old matters. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Finally, the district court enjoys "considerable discretion in granting or denying the motion." *Allstate Insurance*, 634 F.3d at 1111. *See also Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100 (9th Cir. 2006) (noting that the district court has broad discretion under Rule 60(b)(1)).

Here, Brooklyn Patriots has asserted two distinct arguments in support of its Motion for Relief: first, that Brooklyn Patriots had standing to sue regardless of Reno's business license requirement; and second, that the business license requirement is itself unconstitutional. The first argument was raised prior to the entry of judgment. In materials it filed in support of its Motion for Preliminary Injunction, Brooklyn Patriots argued that the business license ordinance "provides that the non-licensed party must cease all non-licensed operations. It does not state that the party may not seek court orders about its constitutional rights." (Brooklyn Patriots' Reply #13, p. 10:4-7.) Here, Brooklyn Patriots argues, "[Brooklyn Patriots] was not required to apply for [a business

4

license] in order to have standing to prosecute this case." (Brooklyn Patriots' Motion for Relief #31, p. 3:8-10.) Since a motion challenging the court's judgment on the basis of manifest error may not merely "repeat[] legal arguments made earlier," Brooklyn Patriots' first argument fails. *Zimmerman*, 255 F.3d at 740.[4]

Brooklyn Patriots' second argument could reasonably have been raised before the entry of judgment. Indeed, Brooklyn Patriots pledged in its earlier materials that "prior to applying for a [billboard] building permit, [it] will obtain a business license." (Brooklyn Patriots' Reply #13 at p. 10:8-9.) Instead of taking this tack to establish standing, Brooklyn Patriots could have challenged the licensing scheme as unconstitutional.[5] But it did not substantively challenge the scheme's constitutionality, and a motion for relief from the court's judgment is not the place to attempt an alternative litigation strategy. *See Kona Enterprises*, 229 F.3d at 890 (holding that plaintiffs could not use Rule 59(e) to raise, for the first time, a choice-of-law argument they could reasonably have raised earlier in the litigation). Thus, both of Brooklyn Patriots' arguments fail.

\\
\\
\\
\\
\\
\\

---

[4] To the extent Brooklyn Patriots relies on *Kaahumanu v. Hawaii*, 682 F.3d 789 (9th Cir. 2012) in support of its Motion for Relief, this argument, too, was made prior to the entry of judgment. (*See* Brooklyn Patriots' Memorandum #28, p. 3:1-11 (citing *Kaahumanu*).)

[5] In a throwaway line, it did: "[B]y distinguishing between business speakers and non-business speakers, the [business license] ordinance violates the First Amendment." (Brooklyn Patriots' Reply #13 at p. 10:17-18.) To the extent this argument is substantive, the court found it to be "entirely without merit" along with a host of other similarly brusque arguments. (Order #30 at p. 5:21-22.) This argument is therefore an improper basis on which to mount a Rule 60(b)(1) challenge. *See Zimmerman*, 255 F.3d at 740.

1  IT IS THEREFORE ORDERED that Brooklyn Patriots' Motion for Relief from Court's
2  Order Dismissing Complaint (#31) is DENIED.
3  IT IS SO ORDERED.
4  DATED this 23rd day of February, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE